United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MERRELL,
Plaintiff,
v.
MARRIOTT INTERNATIONAL, INC.,
Defendant.

Case No. 23-cv-06664-WHO

**ORDER DENYING SANCTIONS**

I granted summary judgment in favor of defendant Marriott International, Inc. in this lawsuit under the Americans with Disabilities Act, 42 U.S.C. § 12101 (“ADA”). *See* Order on Motions for Summary Judgment (“Summary Judgment Order”), Dkt. No. 117. Marriott now moves for sanctions against plaintiff Paul Merrell under 28 U.S.C. § 1927 or the court’s inherent authority. Such a motion seeks an “extraordinary remedy, one to be exercised with extreme caution” to be reserved “for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.” *See In re Keegan Mgm’t Co., Sec. Litg*., 78 F.3d 431, 437(9th Cir. 1996); *Operating Eng’rs Pension Tr. v A-C Co.,* 859 F.2d 1336, 1344 (9th Cir. 1988). This is not such a case, and Marriott’s motion is DENIED.

Merrell is legally blind. Marriott contends that his claim that he could not book a room on Marriott’s website because of accessibility barriers was false, and that his lawyer knew or should have known that. It also claims that Merrell (a serial plaintiff in ADA lawsuits) and his counsel (who regularly files ADA cases) have a pattern of making misleading representations in other cases.

The Summary Judgment Order painstakingly reviews the evidence of record in this case to

conclude that Merrell lacked standing because his intent to return was not genuine and he was not deterred as a result of visiting Marriott's website, and that there was no evidence of an ADA access issue with the website on Marriott's landing page, the 2025 website, or the 2022 "Find A Hotel" webpage. That order is now on appeal. Dkt. No. 140.

In the Summary Judgment Order, I included a section entitled "Anomalies At Play" that highlighted issues in the record that I found unusual but not dispositive. Summary Judgment Order at 4-5. I discussed the parties' disputes regarding (1) how Merrell actually accessed the website (2) that he had disposed of the hard drive he allegedly used to perform the search and kept no notes of the search, and (3) that a forensic consultant could not identify on Merrell's computer use of the screen reader software JAWS, which Merrell said he used, or "Marriott.com" entries on the active structured web browser history (although there were "Marriott.com" entries in unallocated clusters, file slack, pagefile and unstructured data areas). *Id.* at 5. I wrote that the consultant's report raised serious questions about the accuracy of Merrell's testimony but was not dispositive for any issue at summary judgment. *Id.* I also noted Merrell's shifting testimony on a variety of germane topics. *Id.*

That said, Merrell's credibility would have been a jury issue, not one on which the Summary Judgment Order rested. True, I concluded that Merrell failed to state facts that supported his purported intent to visit a Marriott property in the future or that he was deterred from doing so by his experience on Marriott's website. I also parsed through his expert's testimony to conclude that the expert had not provided any basis to suggest that he had reviewed Marriott's website in 2025 or that there was a defect in Marriott's landing page in 2022, and that his and Marriott's experts' videos definitively supported Marriott's assertions that the "Find A Hotel" webpage was accessible to Merrell. But I did not attempt to determine whether Merrell or his expert were merely potentially problematic witnesses or were intentionally trying to mislead the court, nor did I conclude that Merrell's counsel had an improper purpose in bringing this claim or that Merrell's lawsuit was frivolous. I will not make such a ruling now.

The conduct of both sides in this litigation at different times left much to be desired and caused it to be more expensive and litigious than it needed to be. In my "Order On Fifth



United States District Court
Northern District of California

United States District Court
Northern District of California

Discovery Dispute in 2 Months," a title that itself conveyed my frustration with counsel, I began: "The lawyers and their clients should be embarrassed by their inability to act reasonably and resolve disputes. This reflects badly on everyone." Dkt. No. 86. And, because Marriott misread (intentionally or not) Merrell's complaint and misunderstood his deposition testimony (discussed in the "Anomalies At Play" section of my Summary Judgment Order), I had to allow prolonged summary judgment briefing to get a record on which I could fairly rule on the claims Merrell was actually bringing. That conduct by Marriott needlessly multiplied the pleadings needed to resolve this litigation. I do not cite this as sanctionable behavior, but only to suggest that neither side was blameless in this case leading up to the Summary Judgment Order. Even if I were otherwise inclined to order sanctions in this case (and I am not), Marriott's own conduct would make it inappropriate to do so.

Because I do not find that sanctions are warranted in this case, the behavior of Merrell and his counsel in other cases is not material. In the exercise of my discretion and for the reasons stated above, I DENY Marriott's motion for sanctions.

**IT IS SO ORDERED.**

Dated: November 23, 2026

William H. Orrick
United States District Judge